Natalie LARA, Plaintiff,

v.

**HELEN OF TROY NEVADA CORPORATION,**
Defendant.

No. EP–02–CA–307–DB.

United States District Court,
W.D. Texas,
El Paso Division.

May 2, 2003.

---

Steven James, Francisco X. Dominguez, Law Offices of Francisco X. Dominguez, El Paso, TX, for plaintiff.

Charles C. High, Jr., Kemp Smith, LLP, El Paso, TX, for defendant.

### ORDER

BRIONES, District Judge.

On this day, the Court considered Defendant Helen of Troy Nevada Corporation's "Motion for a Protective Order Against Abusive Discovery Tactics and for Sanctions," filed in the above-captioned cause on April 24, 2003. Plaintiff Natalie Lara filed a Response on April 28, 2003. After due consideration, the Court is of the opinion that the instant Motion should be denied.

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that certain of Defendant's employees sexually harassed her and discriminated against her. In its Motion, Defendant asks the Court to prohibit Plaintiff from asking questions during depositions that relate to the witness's sexual experience or their knowledge of the sexual activity of Defendant's employees or rumors concerning such activity. Defendant also asks the Court to order that it need not respond to specified Requests for Admissions served by Plaintiff on April 22, 2003. Depositions are scheduled to resume on May 6, 2003, and are scheduled throughout the month.

In her Response, Plaintiff asserts that sexual relationships, both joined and spurned, among Defendant's employees constitute a significant factor in the allegedly hostile work environment of which Plaintiff complains. Plaintiff points out that she is seeking to discover relevant and admissible evidence, not asking the Court to determine its admissibility.

Federal Rule of Civil Procedure 26(c) provides, in pertinent part, that a court, "[u]pon motion by a party ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." FED. R. CIV. P. 26(c). Defendant's concerns appear to fit in the annoyance and embarrassment category. While the Court is sensitive to this possibility, it remains aware that parties are permitted to pursue what might not be admissible if it is reasonably calculated to lead to admissible evidence. FED. R. CIV P. 26(b)(1). By its nature, discovery in this type of lawsuit sometimes involves delving into somewhat private matters that may cause a witness some embarrassment. However, based on Plaintiff's description of the work environment out of which her claim arose, the Court is of the opinion that discovery on these topics is warranted in as much as it may lead to admissible evidence.

Accordingly, the Court is of the opinion that Defendant's Motion should be denied and that the following order should enter:

**IT IS HEREBY ORDERED** that Defendant Helen of Troy Nevada Corporation's "Motion for a Protective Order Against Abusive Discovery Tactics and for Sanctions" is **DENIED.**